Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel Especial

| ALPHA DEMOLITIONS, INC. Apelante | | *Certiorari* acogido como Apelación procedente del Tribunal de Primera Instancia, Sala de San Juan |
|---|---|---|
| v. | KLCE202400333 | |
| PILOTO CONSTRUCTION LLC, JORGE REDONDO, FULANA DE TAL y OTROS Apelados | | Caso Núm. SJ2023CV08167 Sobre: Incumplimiento de Contrato |

Panel integrado por su presidente, el Juez Sánchez Ramos,[1] el Juez Adames Soto y la Juez Aldebol Mora

Adames Soto, Juez Ponente

### **SENTENCIA**

En San Juan, Puerto Rico, a 17 de mayo de 2024.

Comparece Alpha Demolitions, Inc. (Alpha o apelante), solicitando que dejemos sin efecto una *Sentencia Parcial* emitida por el Tribunal de Primera Instancia (TPI), Sala Superior de San Juan, el 25 de enero de 2024. Mediante dicho dictamen, el foro primario desestimó sumariamente la demanda contra dos de los siete codemandados, el Sr. Jorge Redondo Borges y la Sra. Angela Lightfoot Redondo, al concluir que no surgía de la demanda que tuviesen responsabilidad por la emisión de los pagos retenidos por la codemandada Piloto Construction LLC (Piloto).

A pesar de que la parte apelante ha esgrimido un señalamiento de error, antes de considerarlo se nos impone verificar nuestra jurisdicción para actuar sobre tal asunto, por causas que más adelante abordaremos. Según se sabe, las controversias jurisdiccionales cobran primacía sobre

---

[1] Mediante Orden Administrativa OATA-2024-046 se designa al Hon. Roberto Sánchez Ramos como integrante del Panel, debido a la inhibición del Hon. Abelardo Bermúdez Torres.

cualquier otro asunto. *Mun. de San Sebastián v. QMC,* 190 DPR 652, 660 (2014).

## I. Resumen del tracto procesal

El 10 de mayo de 2021 Piloto obtuvo el contrato AVP #2021-000120 con la Administración de Vivienda Pública (AVP) para la demolición de una estructura y la construcción de otra. A su vez, Piloto subcontrató a Alpha para que realizara varias tareas y operaciones de dicho proyecto, que incluyeron la relativa a la demolición.

No obstante, Alpha instó una causa de acción contra Piloto, atribuyéndole incumplimiento del contrato, al presuntamente no pagarle varias sumas por concepto de órdenes de cambio, reclamaciones, facturas y retenciones. En la referida demanda figuraron como codemandados, además de Piloto, Jorge Redondo, gerente general de Piloto a cargo del proyecto de demolición, y su esposa (en ese momento de nombre desconocido). También fueron incluidos como demandados, José Rincón, presidente de Piloto, y su esposa Teresita Redondo, gerente del proyecto, Mapfre Puerto Rico, Mapfre, y la AVP. Solicitó como remedio el pago de lo debido, más temeridad.

En lo pertinente a la controversia[2] ante nos, el 19 de diciembre de 2023 Jorge Redondo Borges, Angela Lightfoot Redondo, (esposa del primero) y la sociedad de bienes gananciales compuesta por estos, presentaron *Moción de desestimación,* al amparo de la Regla 10.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2. Adujeron que las alegaciones contenidas en la *Demanda* dejaban de exponer una reclamación contra ellos que justificara la concesión de un remedio. En específico, fundamentaron esta solicitud en que las alegaciones revelaban que la reclamación era dirigida en contra de Piloto, compañía con la que la

---

[2] Los señores José Rincón y su esposa, Teresita Redondo, también presentaron *Moción de Desestimación*, pero los asuntos relativos a ella no son objeto de revisión en el recurso ante nuestra consideración.

apelante contrató, que tiene personalidad jurídica propia, sin evidencia para rasgar el velo corporativo y entonces poder ir en contra del Sr. Jorge Redondo y su esposa en su carácter personal.

Alpha se opuso a la solicitud de desestimación promovida por Jorge Redondo Borges y Angela Lightfoot, arguyendo que las alegaciones incluidas en la *Demanda* versaron también sobre la responsabilidad personal de cada uno de estos por sus actuaciones u omisiones, citándolas. Imputó a estos inventar pretextos para no pagar una cantidad debida sustancialmente alta, por lo que Alpha no ha podido contar con los recursos económicos para continuar cabalmente con sus obligaciones. Terminó señalando que en la *Demanda* había incluido alegaciones sobre la culpa y negligencia de estos demandados, por lo solicitó que fuera enmendada a tales efectos.

Posteriormente, el 8 de enero de 2024, compareció Alpha mediante *Moción Solicitando Autorización para Enmendar la Demanda para Añadir Alegaciones para Establecer una Causa de Acción en Daños y Perjuicios.* En esta, solicitó añadir alegaciones sobre la fianza otorgada por Mapfre, aduciendo que fue garantizada personalmente por el Sr. Redondo, la Sra. Lightfoot, el Sr. Rincón, y la Sra. Teresita Redondo.

Entonces, el 25 de enero de 2024, el foro primario emitió la *Sentencia Parcial* cuya revocación nos solicita el apelante, en la que acogió la *Moción de desestimación* instada por los demandados Sr. Redondo y la Sra. Lightfoot, desestimando la causa de acción contra estos. Al así decidir, el TPI determinó que de las alegaciones de la demanda no surgía que el Sr. Redondo tuviese poder decisional sobre los pagos realizados y los retenidos, ni una reclamación relacionada con los actos de supervisión de la demolición.

El 25 de enero de 2024 Alpha instó *Solicitud de Reconsideración de la Sentencia Parcial,* en la cual arguyó que al desestimar, el Tribunal de

Primera Instancia no consideró su alegación de que el Sr. Redondo era quien supervisa al Sr. Rincón y a la Sra. Teresita Redondo y que, tanto, el que toma todas las decisiones, incluyendo las de pago. Además, alegó que los codemandados, incluyendo al Sr. Redondo, se negaron a pagar haciendo falsas representaciones. Por último, arguyó que la enmienda propuesta establecía la responsabilidad del Sr. Redondo y la Sra. Lightfoot en su carácter personal, toda vez que son garantizadores de la fianza prestada por MAPFRE.

Pasados unos días, el 2 de febrero de 2024, Alpha presentó una *Demanda Enmendada.*

A raíz de ello, el 20 de febrero de 2024 el tribunal *a quo* notificó una *Orden* permitiendo la enmienda solicitada por el apelante, excepto en lo referente a las causas de acción dirigidas contra el Sr. Redondo y la Sra. Lightfoot. En consonancia, el mismo día el foro apelado notificó una *Resolución,* declarando *No Ha Lugar* la solicitud de *Reconsideración* de la *Sentencia Parcial* presentada por Alpha.

Es del anterior dictamen del cual Alpha recurre ante nosotros, esgrimiendo como único el siguiente:

> *Erró el tribunal de instancia al desestimar las alegaciones contra los demandados Redondo y Lightfoot ante la existencia de alegaciones particulares y específicas sobre sus actos y omisiones.*

No obstante, en la *Oposición a petición de certiorari* presentada ante nosotros por el Sr. Redondo y la Sra. Lightfoot, estos arguyeron que la parte apelante **dejó de notificar el recurso de *certiorari* a todos los abogados de récord,** contrario a lo requerido por la Regla 33 (B) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R. 33 (B), por lo que procedía su desestimación.[3]

---

[3] Nótese que atendimos la petición de *certiorari* como apelación, puesto que se impugna una *Sentencia Parcial* proveniente del foro primario, la cual cumple con la Regla 42.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 42.3. No obstante, para fines de economía procesal y trámites ante la Secretaría del Tribunal, mantenemos su designación alfanumérica original.

Por su parte, Alpha presentó una *Certificación,* afirmando haber notificado copia fiel y exacta del recurso de *certiorari,* por correo electrónico, a los licenciados Roberto Lefranc Morales, rlm@martilaw.com, y Francisco J. Ramos Martínez, fjramos@martilaw.com, así como al foro apelado.[4]

Ante lo cual, el 3 de mayo de 2024, emitimos una *Resolución* concediéndole un término improrrogable de cinco (5) días a Alpha para que mostrara causa por la cual no debíamos desestimar el recurso por incumplimiento con la Regla 33 (B) del Reglamento del Tribunal de Apelaciones, *supra,* al presuntamente no haber notificado el recurso **a los abogados de todas las partes**.[5]

En efecto, el 8 de mayo de 2024, compareció Alpha, mediante *Moción en Cumplimiento con Orden de Mostrar Causa.*

**II. Exposición de Derecho**

**A.  Jurisdicción**

La jurisdicción se ha definido como el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 267 (2018); *Yumac Home v. Empresas Massó,* 194 DPR 96, 103 (2015); *Horizon v. Jta. Revisora, RA Holdings,* 191 DPR 228, 233 (2014). Cónsono con ello, los tribunales estamos llamados a ser fieles guardianes de nuestra jurisdicción, aun cuando ninguna de las partes invoque tal defecto. Por consiguiente, tanto los foros de instancia, como los foros apelativos, tienen el deber de analizar de forma prioritaria si poseen jurisdicción para atender las controversias que le sean presentadas. *Ruiz Camilo v. Trafon Group, Inc., supra*, en la pág. 268; *Horizon Media v. Jta. Revisora, RA Holdings, supra*; *Shell Chemical v. Srio. Hacienda,* 187 DPR 109, en las págs. 122-123 (2012).

---

[4] Véase notal al calce 3.
[5] Véase notal al calce 3.

El Tribunal Supremo ha resaltado que evaluar los aspectos jurisdiccionales es parte de nuestro deber ministerial y debe hacerse antes de que el tribunal pueda conocer del pleito. *Ruiz Camilo v. Trafon Group, Inc., supra; Mun. de San Sebastián v. QMC Telecom, supra; García v. Hormigonera Mayagüezana*, 172 DPR 1, 7 (2007). De aquí que, si determinamos que no tenemos jurisdicción sobre un recurso o sobre una controversia determinada, debemos así declararlo y desestimar, pues no tenemos discreción para asumir jurisdicción donde no la hay. *Mun. San Sebastián v. QMC Telecom, supra; Yumac Home v. Empresas Massó, supra.*

**B. Notificación del recurso de apelación a los abogados de las partes**

i.

La Regla 13 (B) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.13 (B), se encarga de dictar el curso a seguir por la parte apelante con relación a **la notificación a las partes** del recurso de apelación que se presente, junto a sus apéndices. En específico, en lo relativo a la *Notificación a las partes* de la presentación del recurso de apelación, la Regla 13 (B), *supra*, determina lo siguiente: *la parte apelante **notificará el recurso apelativo y sus apéndices dentro del término dispuesto para la presentación del recurso, siendo éste un término de cumplimiento estricto.*** (Énfasis provisto).

Por su parte, la Regla 52.2 (a) de Procedimiento Civil dispone, en lo pertinente, que el recurso de apelación para revisar sentencias ante el Tribunal de Apelaciones deberá ser presentado dentro del término jurisdiccional de treinta días, contados desde el archivo en autos de una copia de la notificación de la sentencia dictada por el tribunal apelado. 32 LPRA Ap. V, R. 52.2 (a). Se suma a ello la Regla 13 (A) del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.13, que también establece un término jurisdiccional de treinta días, contados desde el archivo en autos de una copia de la notificación de la sentencia, para presentar el recurso

de apelación. Así, vistas en conjunto las Reglas citadas, la parte apelante **debe notificar el recurso de apelación a las partes, dentro del término de treinta días del que dispone para instar el recurso de apelación ante este Foro intermedio**.

Puesto que el término para notificar a las partes es de cumplimiento estricto, este se puede extender **si se demuestra justa causa**. *Peerless Oil v. Hnos. Torres Pérez,* 186 DPR 239, 253 (2012). (Énfasis provisto). Es por ello que nuestro Tribunal Supremo ha determinado que, ante los términos de cumplimiento estricto, *los tribunales no están atados al automatismo que conlleva un requisito de carácter jurisdiccional y pueden, por lo tanto, proveer el remedio que estimen pertinente, extendiendo el término según las circunstancias. Íd.,* en la pág. 253 citando a *SLG Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 881 (2007).

A pesar de que los términos de cumplimiento estricto no están atados a la rigidez de los términos jurisdiccionales, no significa que el Tribunal goza de amplia discreción para prorrogarlos. *Peerless Oil v. Hnos. Torres Pérez, supra.* De manera tajante el Tribunal Supremo ha determinado que la discreción de este foro apelativo para ejercer su facultad de prorrogar un término de cumplimiento estricto **está subordinada a la presentación de justa causa**, según esta ha sido sujeta a las siguientes condiciones: *(1) que en efecto exista justa causa para la dilación; (2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación; es decir, que la parte interesada **acredite de manera adecuada la justa causa aludida***. (Énfasis provisto). *Rivera Marcucci v. Suiza Dairy,* 196 DPR 157, 171 (2016). **En ausencia de alguna de estas dos (2) condiciones, los tribunales carecen de discreción para prorrogar términos de cumplimiento estricto.** (Énfasis provisto). *Rivera Marcucci v. Suiza Dairy, Íd.*; *Soto Pino v. Uno Radio Group, supra* en la pág. 93; *SLG*

*Szendrey-Ramos v. F. Castillo, supra* en la pág. 882; *Rojas v. Axtmayer*, 150 DPR 560, 565 (2000).

El Tribunal Supremo explicita que la parte que presenta de manera tardía un recurso al cual cobija un término de cumplimiento estricto, debe demostrar la existencia de justa causa, **con explicaciones concretas y particulares**, debidamente evidenciadas, **que le permitan al tribunal concluir que la tardanza o demora ocurrió por alguna circunstancia especial razonable**. (Énfasis provisto). *Soto Pino v. Uno Radio Group., supra,* en la pág. 93 citando a *Febles v. Romar,* 159 DPR 714, 720 (2003); *Lugo v. Suárez,* 165 DPR 729, 738-739 (2005). (Énfasis nuestro). No podrá acreditarse la existencia de una justa causa con excusas, vaguedades o planteamientos estereotipados. *Íd.* Por tanto, en ausencia de justificaciones que demuestren justa causa, el tribunal carece de discreción para prorrogar el término de cumplimiento estricto. *Peerless Oil v. Hnos. Torres Pérez, supra* en la pág. 254.

Como consecuencia de lo anterior, la parte apelada puede solicitar la desestimación de un recurso de apelación presentado **fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello** a tenor con la Regla 83 (B) (2) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83 (B) (2).

ii.

La Regla 13 (B) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R. 13 (B), rige lo relativo a la presentación y notificación de las apelaciones civiles. En su inciso (B) (2) establece que, al notificar a las partes el recurso, la parte apelante podrá utilizar el correo ordinario, entrega personal, telefax o correo electrónico, siempre que el documento sea copia fiel y exacta del original.

iii.

Por último, nuestro ordenamiento jurídico favorece la política judicial de que los casos se ventilen en sus méritos. *Mercado Figueroa v. Mun. San Juan,* 192 DPR 279, 288 (2017). Esto debe ir en armonía con el principio procesal recogido en la Regla 1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, de que los pleitos se tramiten de forma justa, rápida y económica. *Íd.* No obstante, las normas que rigen el perfeccionamiento de todos los recursos apelativos deben observarse rigurosamente. *Soto Pino v. Uno Radio Group, supra* en la pág. 90.

Cabe recalcar que los requisitos de notificación no constituyen una mera formalidad procesal, sino que son parte integral del debido proceso de ley. *Montañez Leduc v. Robison Santana,* 198 DPR 543, 551 (2017). En ese sentido, los requisitos de notificación son imperativos, debido a que colocan a la parte contraria en conocimiento del recurso que solicita la revisión de una decisión de un tribunal de menor jerarquía. *Soto Pino v. Uno Radio Group, supra,* en la pág. 90. Por ello, en *González Pagan v. Moret Guevara,* 202 DPR 1062, 1073, (2019) se sostuvo lo siguiente:

> [C]uando una parte solicita la revisión de un dictamen o resolución emitido por el Tribunal de Apelaciones la parte debe perfeccionar el recurso conforme a las leyes y los reglamentos aplicables, lo que permitirá a ese foro tener jurisdicción sobre la controversia en cuestión. **Es requisito jurisdiccional que la parte peticionaria del recurso notifique la presentación del mismo a todas las partes en el pleito.** (Énfasis provisto).

## III. Aplicación del Derecho a los hechos

Como a este punto ya se puede prever, resulta de umbral determinar si tienen razón los apelados al afirmar que procede la desestimación del recurso de apelación, por no haber sido notificado a todos los abogados de récord. La contestación es en la afirmativa.

Sobre ello, nótese que 19 de marzo de 2024, Alpha presentó el recurso de *certiorari*,[6] con el cual solicitó la revocación de la *Sentencia Parcial* emitida por el Tribunal de Primera Instancia el 24 de enero de 2024 y notificada el 25 de enero de 2024. En la última página de dicho recurso, Alpha certificó haber enviado copia fiel y exacta del escrito por correo electrónico **a los abogados Roberto Lefranc Morales y Francisco Ramos Martínez**, y al TPI. Sin embargo, a esa fecha también surgían como abogados de récord **el Lcdo. Morales del Valle, representante legal del Sr. Rincón y de la Sra. Teresita Redondo, la Lcda. Ferrer López, representante legal de MAPFRE, y la Lcda. Colón Valentín, representante legal de Piloto**.

Cónsono con el marco doctrinal que favorece la ventilación de los casos en sus méritos, le concedimos cinco (5) días a Alpha para mostrar causa por la cual no procedía desestimar el recurso, por incumplir con la antes citada Regla 33 (B), *supra*. Al responder a nuestra *Orden*, Alpha adujo que, en el recurso presentado el 19 de marzo de 2024, certificó haber notificado copia de este al representante legal de <u>Piloto</u>.

No obstante, del recurso que obra en nuestro expediente surge la certificación de que **solo se les notificó copia a los representantes legales del Sr. Redondo y la Sra. Lightfoot, los licenciados Lefranc Morales y Ramos Martínez**. Más aún, **no** surge certificación de haberse notificado el recurso de *certiorari*, por cualquiera de los medios que admite el Reglamento, según citado, al resto de los representantes legales que obran en el récord y ya nombramos.

Alpha intenta subsanar su omisión de notificar el recurso a los representantes legales excluidos, planteando como justa causa su confusión con los nuevos métodos de notificación electrónica. Sin embargo, nuestro Tribunal Supremo ha advertido que *no es razonable*

---

[6] Véase notal al calce 3.

*excusar a los abogados por su desconocimiento. Arriaga v. F.S.E.*, 145 DPR 122, 130 (1998). De este modo, si Alpha pudo cumplir con la notificación por correo electrónico a los representantes legales del Sr. Redondo y la Sra. Lightfoot y al Tribunal de Primera Instancia, igual diligencia debió observar hacia la notificación oportuna del recurso a los demás abogados de récord. Contrario a lo que nos sugiere el apelante, no se trata de un incumplimiento en la notificación del recurso por causa del <u>medio</u> utilizado para notificar a las partes, sino de la falta de notificación oportuna a todas las partes del caso, permitir tal omisión supondría lesionar el debido proceso de ley de las partes cuyos abogados no fueron notificadas.

En definitiva, la falta de notificación oportuna del recurso de apelación a todas las partes en el litigio conlleva su desestimación, por ausencia de jurisdicción.

**IV. Parte dispositiva**

Por los fundamentos que anteceden, se desestima el recurso de apelación, por falta de jurisdicción, al no haberse notificado de manera oportuna al Lcdo. Morales del Valle, a la Lcda. Ferrer López, y a la Lcda. Colón Valentín y carecer de una causa que justificar tal tardanza.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones